**In re AUTOMATIONSOLUTIONS INTERNATIONAL, LLC, Debtor.**

**No. 01–11951.**

United States Bankruptcy Court, N.D. California.

Feb. 25, 2002.

Mark Browning, Office of the Attorney General, Austin, TX, James R. Gillespie, Law Offices of James R. Gillespie, Boise, ID, Craig Goldblatt, Wilmer, Cutler and Pickering, Washington, DC, Timothy W. Hoffman, Abbey, Weitzenberg, Hoffman and Emery, Santa Rosa, CA, Nancy Hotchkiss, Trainor, Robertson, Smits and Wade, Sacramento, CA, William H. Kiekhofer, III, Mayer, Brown, Rowe and Maw, Los Angeles, CA, Gregg A. Matson, McAndrews, Allen and Matson, Santa Monica, CA, Russell D. Pollock, Greene, Radovsky, Maloney and Share, San Francisco, CA, Michael Reed, McCreary, Veselka, Bragg, and Allen, Austin, TX, Steven E. Rich, Kelley, Drye and Warren, Los Angeles, CA, Todd C. Ringstad, Irvine, CA, Lori Robertson, Heard, Linebarger, Graham, Goggan, Austin, TX, Sblend A. Sblendorio, Hoge, Fenton, Jones and Appel, Pleasanton, CA, william E. Winfield, Nordman, Cormany, Hair and Compton, Oxnard, CA, for creditors.

John Poppin, Law Offices of John Poppin, San Francisco, CA, Matthew J. Shier, Pinnacle Law Group, San Francisco, CA, for debtors.

### Memorandum Regarding Order Approving Sale

ALAN JAROSLOVSKY, Bankruptcy Judge.

The court issued an oral ruling approving the sale of one of the debtor's business known as IDC to Danaher Corporation for $5.25 million. The sale was approved free and clear of five liens, and involves the assumption and assignment of six modest equipment leases. Everything was entirely unopposed. The sale has the support of an active, well-represented creditors' committee. There is no confirmed plan.

The court has been presented with a form of order running to some 15 pages, exclusive of exhibits and attachments. Drafted by the purchaser's counsel, it contains 30 paragraphs of findings and 32 paragraphs of decrees. If the court were drafting its own order, it would be less than two pages in length.

Even after culling out the patently improper provisions, such as injunctive relief without benefit of an adversary proceeding, or an attempt to have the order trump an order confirming a plan, or an order that the transfer is tax exempt under 1146(c) of the Bankruptcy Code even though it is not being sold as part of a plan of reorganization, or an order that the purchaser can have no successor liability under any circumstances whatsoever, the remaining order is still an imposing tome. While the court has decided to sign it with modifications, the court feels compelled to comment on its utility and effectiveness.

■ The court understands the importance of asset sales in bankruptcy cases. Purchasers of assets from bankruptcy estates must feel secure that they are purchasing only the debtor's assets and are not being exposed to the debtor's troubles. This court stands ready to adjudicate any disputes which may arise and protect the purchaser from improper claims against it or the assets it has purchased. However, the order as drafted is an attempt to adjudicate those claims before they arise. As such, it useless for two reasons. First, minimum standards of procedural due process have not been met. Second, and most crucially, most of the findings and provisions of the order are not *necessary* and therefore cannot have the preclusive effect the purchaser desires.

■ Any time relief is sought against a particular party, it must be in the context of at least a contested matter pursuant to FRBP 9014. Some relief, such as injunctive or declaratory relief, must be obtained through an adversary proceeding.

Both contested matters and adversary proceedings must be served in accordance with FRBP 7004. The simple notice procedure employed in this case is adequate for a sale and meets the requirements of FRBP 2002(a)(2) but cannot serve as a basis for obtaining the relief the purchaser seeks. In addition, principles of fairness require that when relief is being sought against that party the party must be told in unambiguous terms that its specific rights are to be adjudicated.

■ More importantly, the order is almost an entirely a "comfort order" with no substantive purpose. Section 363(b)(1) provides that after notice and the opportunity for a hearing the trustee (or debtor in possession in a Chapter 11 case) may sell property of the estate out of the ordinary course of business. There is no provision in the Code for an order approving the sale, and in fact the Code was designed so that an order would not be necessary if no objections were raised. The issuance of an order approving an uncontested sale is a creature of custom and local practice, not the Bankruptcy Code. Only those provisions of the order approving the assumption and assignment of the equipment leases and the sale free and clear of certain identified liens are truly necessary and appropriate under the Code; the rest is just a big comfort order.

The futility of the order is best exemplified by the stricken provision which purported to make the sale free from taxation pursuant to § 1146(c). That issue is not before the court. It is not a necessary part of an order approving the sale. No taxing authority has been explicitly told its rights are being adjudicated, nor have they been served pursuant to FRBP 7004(b)(5) or (6). There is no way such a provision would be binding on anyone if the court had left it in.

The court has left the bulk of the order intact, but knows that there may be some remaining provisions which are not enforceable. The court issues this memorandum to make it clear that it will not give preclusive effect to anything in the order which was not necessarily determined, nor will it apply the order to the prejudice of any party not afforded procedural due process.